IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEPARTMENT OF HUMAN SERVICES,<br><br>        Plaintiff,<br><br>        vs.<br><br>WAILA SARCEDO,<br><br>        Defendant. | CIVIL NO. 21-00369 JAO-RT<br><br>ORDER REMANDING CASE |

**ORDER REMANDING CASE**

Self-titled Defendant Waila Sarcedo ("Sarcedo"), proceeding pro se, "removed" this case from the Hawaiʻi Intermediate Court of Appeals ("ICA"), which appears to be an appeal of a family court case terminating her parental rights.[1] Sarcedo previously "removed" the same family court case and the Court remanded it for lack of subject matter jurisdiction. *See* Civil No. 21-00086 JAO-

---

[1] Sarcedo failed to include relevant pleadings with her Notice of Removal. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*." (emphasis added)).

KJM.  Sarcedo's current attempt at removal is similarly inappropriate and the case must again be remanded for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, a *defendant* may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction.  *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006).  "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam))); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  Courts should presume that a case lies outside the limited jurisdiction of the federal courts.  *See Hunter*, 582 F.3d at 1042.

Sarcedo lists a number of causes of action and legal provisions in her Notice of Removal, but none provide her with a basis for removal.  The limited record

before the Court suggests that Sarcedo is not a "defendant" in the family court proceedings.[2]  *Id.*  Section 1441 expressly limits the right of removal to defendants. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."); *see also* 28 U.S.C. § 1446 (discussing requirements for *defendants* wishing to remove civil actions from state courts to federal court).

Moreover, federal courts do not have original jurisdiction over family court proceedings concerning parental rights.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required." (footnotes omitted)). Whether federal question jurisdiction exists is determined by the well-pleaded complaint rule, which "'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  *Hunter*, 582 F.3d at 1042 (quoting *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007)); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) ("A case 'arises under' federal law only if the federal

---

[2] The primary case caption is "In Interest of SK Children," though she also includes a caption Department of Human Services v. Waila Sarcedo.  ECF No. 1 at 1.

question appears on the face of the plaintiff's well-pleaded complaint." (citations omitted)).  Thus, "removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint."  *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).  The federal question may not be aided by the answer or by the petition for removal.  *See Takeda*, 765 F.2d at 822 (citation omitted).

Sarcedo has not presented any filing from the ICA case demonstrating that the appeal became removable based on the existence of a federal question.  *See* 28 U.S.C. § 1446(b)(3).  And the inclusion of federal statutes in the Notice of Removal does not create federal question jurisdiction.  Sarcedo filed a Counterclaim identifying federal statues after removing the case.  ECF No. 4.  But just as a federal question may not be created by the Notice of Removal, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Neither has Sarcedo demonstrated that diversity jurisdiction exists.  Indeed, even assuming the Department of Human Services and Sarcedo are the proper and only parties to the case, it appears that they are citizens of Hawaiʻi.  For these

reasons, removal is improper.  The Court accordingly remands the case for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the foregoing, the Court REMANDS this case to the ICA.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, September 1, 2021.



Jill A. Otake
United States District Judge